*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN ZALAZAR, | : | |
| | : | Civil Action No. 16-7092 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERICA STEM, et al., | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

This matter comes before the Court on the motion to dismiss Plaintiff Juan Zalazar's complaint filed by Defendants Daye and Loney. (ECF No. 13). Plaintiff did not file a response to the motion. For the reasons set forth below, this Court will deny in part and grant in part Defendants' motion to dismiss, and will dismiss Defendant Loney from this matter without prejudice.

**I. BACKGROUND**

In the opinion screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court summarized the allegations contained in Plaintiff's Complaint as follows:

> Plaintiff, Juan Zalazar, is currently civilly committed to the East Jersey State Prison Special Treatment Unit (STU) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator ("SVP") Act , N.J. Stat. Ann. § 30:4-27.24 *et seq.* In his current complaint, Plaintiff chiefly complains of his having been the subject of alleged mistreatment by corrections officers employed by the New Jersey Department of Corrections [(D.O.C.)] during his involuntary commitment. Specifically, Plaintiff alleges that he has been subjected to numerous searches without cause by both standard

corrections officers and members of the facilities "S.O.G." unit, who are apparently tasked with conducting searches for contraband. (ECF No. 1 at 10-24). Plaintiff first asserts that the S.O.G. officers have on multiple occasions brought search dogs into the kitchen area of the facility, which he asserts is unsanitary. (*Id.* at 10). While this activity appears relatively innocuous, Plaintiff also asserts that the S.O.G. and D.O.C. officers have conducted numerous searches of his possessions and cell and have confiscated his personal property. (*Id.*at 11). Plaintiff further contends that his property, including appliances, have also been destroyed, and that when he complains about the destruction of his property, he is then subjected to further searches resulting in more damaged or missing property. (*Id.* at 12). Plaintiff contends that these searches, which he believes are conducted on a whim and without cause, further impugn his rights because he has on occasion been strip-searched as part of the search process and because therapy groups are cancelled in his unit during the searches. (*Id.*). Plaintiff also states that being searched causes him to be angry or aggressive in his group therapy sessions, which is not conducive to his fully appreciating that therapy. (*Id.*).

Although many of Plaintiff's allegations are non-specific and not tied to individual incidents, he does provide more information about a few of his run-ins with the D.O.C. staff. On October 6, 2016, for example, group therapy in his unit was temporarily cancelled so that security cameras could be installed in Plaintiff's housing unit. (*Id.* at 16-17). Upon asking about the cancellation, Plaintiff alleges he was told by Sergeant Davis that the "work of construction comes before treatment in this facility." (*Id.* at 17). Plaintiff also alleges that, on October 4 and 5, 2016, treatment was also cancelled because the S.O.G. officers were conducting their searches of his unit, at which point these officers, alongside Defendants Loney and Davis, disparaged him by labeling him in some unknown way, and he was eventually placed into disciplinary M.A.P. status for "mystery reasons" resulting in his being put into solitary confinement. (*Id.* at 17-18). Plaintiff further contends that when he complained about the random searches and the interruptions in treatment resulting from them, he was told that treatment was not important by the D.O.C. assistant superintendent, Defendant Stem. (*Id.*). Plaintiff also states that, when he is placed onto M.A.P. status, he is not allowed to present witnesses in his defense, and is simply placed into temporary close custody without a hearing or full explanation. (*Id.* at 18-19).

Plaintiff's final series of complaints relate to the treatment

2

he receives from D.O.C. staff when being placed into temporary close custody. (*Id.* at 7). Specifically, he alleges that Loney told "his officers to tightly handcuff" him and place him in "a cold empty cell with no mattress, sheets, or blankets." (*Id.*). Plaintiff contends this results in his having to "lay on a cold, steel [and] concrete bed." (*Id.*).

(ECF No. 5 at 2-3).

In his complaint, Plaintiff named the following Defendants: Lt. D. Daye, a supervisory corrections officer; Sgt. Loney, another ranking corrections officer; Sgt. C. Davis, a supervisor of corrections officers, and Erica Stem, Assistant Superintendent of the Special Treatment Unit, all of whom are employed by the D.O.C. (ECF No. 1 at 3-9). Plaintiff also named a single member of the treatment staff, Dr. Merrill Main, an employee of the New Jersey Department of Human Services. (*Id.* at 4). Following the filing of the complaint, this Court screened Plaintiff's complaint and dismissed all of Plaintiff's claims against Defendant Main. (ECF No. 2 at 3-15). This Court also dismissed all of Plaintiffs claims against the D.O.C. Defendants with one exception – Plaintiff's claim that the D.O.C. Defendants denied him Due Process by denying him his prescribed psychological treatment for non-medical reasons. (*Id.*). This Court permitted that claim to proceed against Defendants Stem, Davis, Daye, and Loney. Defendants Loney and Daye now move to have that claim dismissed as to them. (ECF No. 13). Defendants Stem and Davis instead filed answers to the complaint. (ECF Nos. 14, 21).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must therefore allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678). While the Court is required to construe *pro se* pleadings liberally, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Analysis

Following this Court's screening opinion and order, only a single claim remains in this matter – Plaintiff's claim that the D.O.C. Defendants denied him his prescribed psychological

treatment for non-medical reasons. Defendants Daye and Loney now argue that that claim should be dismissed as to them because Plaintiff has not pled sufficient facts to make out a plausible claim for relief as to them. In making that argument, Defendants do not dispute that a civilly committed S.V.P. can make out a claim for relief under Substantive Due Process where his prescribed medical treatment, which is the cornerstone of an S.V.P.'s prospects for ever being released from the S.T.U., is denied him for non-medical reasons. *See, e.g., Thomas v. Christie*, 655 F. App'x 82, 85 (3d Cir. 2016). To make out such a claim, a plaintiff must plead acts which would allow the Court to plausibly infer that the defendant's actions denied, reduced, or changed an S.V.P.'s prescribed medical or psychological treatment for non-medical reasons; that a denial, reduction, or change in that treatment was a foreseeable result of the defendant's actions, and the defendant acted with at least deliberate indifference to the fact that his actions would result in a change in treatment.[1] *Id.*; *Leamer v. Fauver*, 288 F.3d 532, 546, 547 (3d Cir. 2002); *Thomas v. Adams*, 55 F. Supp. 3d 552, 576 (D.N.J. 2014) ("when a prescribed medical treatment is denied, reduced or changed for non-medical reasons, including financial, administrative or logistical, the [denied or reduced] treatment suggests an act of deliberate indifference and amounts to a violation of . . . substantive due process with regard to those mental patients whose sole hope for release hinges on obtaining their prescribed" treatment); *see also Youngberg v. Romeo*, 457 U.S. 307, 316 (1983).

---

[1] Because *Thomas* dealt with the question of intertwining supervisory liability with such a claim, *Thomas* also requires that, when such a claim is stated against an individual based on his role as a policymaker, that he also show that the defendant made systemwide determinations which resulted in the change in treatment in question. Because Plaintiff's complaint, to the extent it states a claim for relief against Daye and Loney, does so based on their personal involvement in the alleged denials of treatment rather than their role as policymakers, those elements are not relevant to Plaintiff's claims against Daye and Loney. *See Thomas*, 655 F. App'x at 84-85; *see also Thomas*, 55 F. Supp. 3d at 575-80.

Defendants Daye and Loney contend that Plaintiff has failed to plead facts from which the Court could infer a plausible claim for relief for the denial of medical treatment for non-medical reasons, and that Plaintiff's claims should be dismissed as to them as a result. Mindful of the requirement that a *pro se* Plaintiff's complaint must be construed liberally and that the court should give a plaintiff the benefit of relevant legal principles where they are implied by the complaint even if not properly invoked by the plaintiff, *see Mala*, 704 F.3d at 244, this Court will address each Defendant in turn.

In his Complaint, Plaintiff essentially pleads that the D.O.C. Defendants have engaged in a pattern of activity which denies him treatment for non-medical reasons, including numerous random searches, lock downs of the S.T.U. facility during which treatment is cancelled arising out of those searches as well as during periods of maintenance on the facility's security systems and other construction, and his placement on restricted M.A.P. status for "mystery reasons." As to Defendant Daye, Plaintiff specifically states that Daye "stopp[ed] treatment knowing[] that [Plaintiff's] Due Process Rights [would be] violated." (ECF No. 1 at 6). Plaintiff also states that Daye "refuses to allow any [treatment] staff" into the S.T.U. while S.O.G. searches are conducted. (*Id.* at 11). Plaintiff further asserts that at least one series of S.O.G. searches went on for over a month. (*Id.* at 11-12). Plaintiff further states that, on the days these searches are conducted, group treatment is "terminat[ed]" or "cancel[ed]." (*Id.* at 13). Assuming these statements to be true, reading the complaint in the light most favorable to *pro se* Plaintiff and giving Plaintiff the benefit of reasonable inferences, *see Dempster*, 764 F.3d at 308 n. 3, these facts are sufficient to permit the Court to infer that Daye cancelled treatment during the search days, that these search days went on for a period of up to a month, and that Daye was aware that the group treatment

6

prescribed to S.V.P.s such as Plaintiff would be disrupted as a result of these actions. While discovery may prove these assertions unfounded, they are sufficient to state a plausible claim for relief, and Defendants' motion to dismiss must be denied as to Defendant Daye.

Turning to the remaining moving Defendant, Plaintiff makes only a single allegation relevant to his denial of treatment claim[2] against Defendant Loney – that Loney "always finds some myster[ious] reason to have [Plaintiff] placed on M.A.P. status (lock up) causing [Plaintiff's] prescribed treatment to stop for an indefinite period of time." (ECF No. 1 at 17-18). Defendants argue that this statement is conclusory and insufficient to state a claim for relief. This allegation essentially states only that Loney had Plaintiff placed on M.A.P. status for reasons not known to Plaintiff, and that Plaintiff's treatment level changed as a result while he resolved his M.A.P. placement. Because Plaintiff does not plead any facts as to the actual basis for Plaintiff's M.A.P. status; be they disciplinary, treatment-oriented, or arising out of personal animus; Plaintiff has failed to allege facts showing that Loney acted with at least deliberate indifference to the change in treatment Plaintiff would face, and Plaintiff has therefore not sufficiently alleged a claim against Loney. *Thomas*, 655 F. App'x at 85. Likewise, as to a change in treatment Plaintiff has pled little more than a conclusory allegation, and has therefore not made out a plausible claim for relief for that reason as well. *Iqbal*, 556 U.S. at 678; *Thomas*, 655 F. App'x at 85. Defendant Loney must therefore be dismissed from this matter without prejudice.

---

[2] Plaintiff also made allegations as to Loney regarding his previously dismissed conditions of confinement and handcuff based claims. As this Court has already dismissed those claims for failure to state a plausible claim for relief (*see* ECF No. 5), those allegations are not relevant to this motion.

**III. CONCLUSION**

For the reasons stated above, this Court will deny in part and grant in part Defendants' motion to dismiss, and will dismiss Defendant Loney from this matter without prejudice. An appropriate order follows.

Dated: May 16, 2017

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge